U.S. Bank Trust, N.A. v Boktor (2021 NY Slip Op 02124)





U.S. Bank Trust, N.A. v Boktor


2021 NY Slip Op 02124


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Shulman, JJ. 


Index No. 850251/17 Appeal No. 13315 Case No. 2020-02406 

[*1]U.S. Bank Trust, N.A., etc., Plaintiff-Appellant,
v
Amir Boktor, Also Known as Amir F. Boktor, et al., Defendants-Respondents, Board of Managers of 120 Riverside Boulevard at Trump Place Condominium, et al., Defendants.


Locke Lord LLP, New York (Joseph N. Froehlich of counsel), for appellant.
Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for respondents.



Order, Supreme Court, New York (Arlene P. Bluth, J.), entered November 1, 2019, which granted the motion of defendants Amir Boktor and Diana Boktor for summary judgment dismissing this foreclosure action, unanimously reversed, on the law, without costs, and the complaint reinstated.
In this mortgage foreclosure action, plaintiff seeks to enforce a mortgage agreement securing a promissory note that gave plaintiff's predecessor, nonparty Bank of America, N.A. (BANA) a security interest in residential property located at 120 Riverside Boulevard, Apt. 10T in Manhattan. On December 1, 2009, BANA filed a foreclosure action against defendants. While that foreclosure action was pending, defendant Amir Boktor filed for Chapter 7 bankruptcy in Texas. On January 28, 2011 Amir executed a statement of intention in the bankruptcy action in which he reaffirmed the debt. The bankruptcy action was ultimately terminated on September 14, 2011. Thereafter, in September 2013, BANA discontinued the 2009 foreclosure action and canceled the lis pendens. One month later, in October 2013, BANA filed a second foreclosure action against defendants. While the second foreclosure action was pending, the mortgage was assigned from BANA to plaintiff US Bank. In January 2016, Amir executed a trial period payment plan and thereafter made the three required monthly payments. In September 2017, plaintiff discontinued the second foreclosure action. On November 1, 2017, plaintiff filed the third foreclosure action, which is the subject of this appeal.
Defendants filed an answer with counterclaims and affirmative defenses, including the expiration of the statute of limitations. According to defendants, the statute of limitations began to run on December 1, 2009 when the first foreclosure action was commenced, and terminated six years later on December 1, 2015, almost two years before plaintiff filed this third foreclosure action. Moreover, according to defendants, even if Amir's statement of intention filed in the bankruptcy action on January 28, 2011, in which he reaffirmed the debt, was sufficient to restart the statute of limitations (General Obligations Law § 17-105[1]; cf. U.S. Bank N.A. v Caruana, 188 AD3d 511, 511 [2020]), plaintiff's claim is still untimely because it would have expired six years later in January 2017, 10 months prior to the commencement of this third foreclosure action.
The motion court granted defendants' motion for summary judgment based on, as relevant to this appeal, their statute of limitations defense, finding that because Amir's bankruptcy case was discharged on September 14, 2011, and this third foreclosure action was not commenced until November 1, 2017, more than six years later, it was untimely.
In the interim, on February 18, 2021, the Court of Appeals issued its decision in Freedom Mtge. Corp v Engel,  NY3d , 2021 NY Slip Op 01090 (2021), holding, inter alia, that "where acceleration occurred by virtue of the filing of a complaint in a [*2]foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge., at *6). Thus, contrary to defendants' argument, the September 2013 voluntary discontinuance of the 2009 first foreclosure action did constitute an "affirmative act," within six years, thereby revoking the prior election to accelerate. A second foreclosure action was commenced in October 2013 and discontinued in September 2017. To the extent there is a question surrounding plaintiff's reason for discontinuing the second foreclosure action and whether that reason constituted a "contemporaneous statement" that they were not seeking to de-accelerate the debt, it does not change the fact that the third foreclosure action is timely because it was commenced within six years of the date of acceleration, which was October 2013.
In view of the foregoing, we need not address the parties' remaining arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021